440 So.2d 787 (1983)
Elizabeth H. GARRICK
v.
WASHINGTON PARISH, et al.
No. 82 CA 1105.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Rehearing Denied November 22, 1983.
Writ Denied January 27, 1984.
*788 Vincent J. Glorioso, Jr., New Orleans, Brady M. Fitzsimmons, Covington, for plaintiff.
William J. Doran, Jr., Marshall W. Wroten, Baton Rouge, for defendants.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
This is an appeal by the State of Louisiana through the Department of Transportation and Development from a judgment in favor of the plaintiff, Elizabeth H. Garrick (Elizabeth Garrick Perry), in the amount of $268,000.00. We amend and, as amended, affirm.
Elizabeth H. Garrick, plaintiff, sued several parties for damages for personal injuries she suffered in an automobile accident which occurred during the early morning hours of September 28, 1975.
The accident happened on Louisiana Highway 1075, which is a two-lane rural highway in Washington Parish. Garrick was proceeding at a lawful rate of speed in a northerly direction along the highway when she was suddenly confronted with a Washington Parish Sheriff's patrol vehicle (with its headlights on, but its signal lights not flashing) stopped in Garrick's lane of traffic. At this time the weather conditions were dark and intermittently foggy, so that visibility was not good. Garrick reacted to the sudden emergency by slowing her vehicle and pulling onto the right *789 shoulder in an attempt to go around the stopped patrol car.
As she did so, she struck an unmarked, unilluminated concrete loading platform which projected from a roadside store, an antique shop known as The Old Variety Shop, onto the shoulder of the roadway to within two and one-half to three feet of the main traveled portion of the roadway. There were no warning signs, or any other warnings, signifying the dangerous proximity of the platform to the highway.
After trial on the merits, the court rendered judgment in favor of Garrick and against the State through the Department.[1] As a basis for his judgment the trial judge set out the following in his "Reasons for Judgment":
This case is a suit for damages as a result of an automobile accident occurring on September 28, 1978 in Bogalusa, Louisiana. The Court finds the following facts conclusively established by the evidence:
The petitioner, Elizabeth Garrick, was traveling northbound on Louisiana State Highway 1075 when she was confronted with a vehicle parked facing south in the northbound lane. Said vehicle was a Washington Parish Sheriff's patrol vehicle, and was parked in the wrong lane of traffic with its headlights on. The police signal lights were not flashing. Due to the darkness and the foggy conditions, petitioner was forced to take sudden emergency measures in order to avoid hitting the parked vehicle. Petitioner proceeded to slow down and take the shoulder of the road in order to pass the vehicle on the right. But, unbeknownst to the petitioner, there existed an unmarked, unilluminated concrete platform or apron extending from the store directly to the right of the parked vehicle, approximately two and one-half to three feet from the main traveled portion of the highway. The petitioner's vehicle struck the concrete apron, resulting in severe injuries. There were no signs posted or other warnings for the concrete apron.
It is the finding of the Court that the defendant, Department of Highways, negligently breached its duty and responsibility to maintain all roads and highways, including the shoulders thereof, in a reasonably safe condition for motorists exercising ordinary care and reasonable prudence.... A motorist has the right to presume that the public highways are safe for ordinary use, and the motorist is not expected to anticipate extraordinary danger, impediments or obstructions to which his attention has not been drawn and of which he has not been warned.... The Court finds that Miss Garrick acted reasonably under the circumstances, and had a right to expect the road and shoulder to be in a safe condition. (citations omitted).
From the evidence it is established that the Department had constructive notice of the projection of the concrete loading platform onto the shoulder of the roadway and that the Department placed no warning signs to warn the motoring public of the hazardous condition.
The Department owes a duty to maintain the highways and its shoulders reasonably safe for the prudent motorist. This duty to maintain reasonably safe highways and shoulders extends to the protection of those persons who may be foreseeably placed in danger by an unreasonably dangerous condition. This duty, of course, extends to the protection of those persons who have to drive onto the shoulder because travel on the roadway itself has become hazardous due to an emergency situation not of the motorist's creation. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980).
*790 Our review of the evidence convinces us that the trial court properly found that the Department breached this duty, and was therefore responsible to Ms. Garrick.
Moreover, the court below held that inasmuch as a motorist has a right to assume that the public highways are safe for ordinary travel and use, Ms. Garrick could not be expected to anticipate extraordinary danger, impediments or obstructions, such as the platform, to which her attention had not been drawn or of which she had not been warned. The court found that in failing to post warning signs or otherwise give adequate warning of the hazardous condition (a concrete platform protruding across the shoulder to within about three feet of the roadway), the Department had further breached its duty to properly warn motorists of a condition which posed a danger to the motoring public.
It is well settled that the Department has a duty, in the exercise of reasonable care, to post and maintain adequate signs to warn motorists of dangerous conditions which exist on the highways. State Farm Mutual Automobile Insurance Company v. Slaydon, 376 So.2d 97 (La.1979).
As before noted, the trial court held that a patently and obviously hazardous condition existed on the shoulder of the roadway at the point where the accident occurred, which was in the nature of a "trap" and that the Department was negligent in failing to post and maintain sufficient and adequate warning signs to apprise the reasonably prudent motorist of the dangerous condition.
Our examination of the entire record in this case, in light of the well established principle of appellate review of factual findings of a trier of fact as enunciated in Canter v. Koehring Company, 283 So.2d 716 (La.1973), and refined by Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), prompts us to conclude that there existed at the site of this accident a patently and obviously dangerous condition and that the Department failed in its duty to adequately warn of such condition, which failure constituted actionable negligence which caused the instant accident.
The next issue raised by DOTD is that the quantum is excessive. The trial court found that the plaintiff sustained a loss of wages in the amount of $25,000.00. Medical expenses were fixed at $18,000.00. For her severe and prolonged pain and suffering, mental anguish, embarrassment, humiliation, permanent disfigurement, disability and diminution of the enjoyment of life's pleasures, the trial court awarded $225,000.00. The total award amounted to $268,000.00, plus interest and costs.
Plaintiff suffered open fractures of her left tibia and fibula, which involved the shafts of both bones. There were also severe fractures and dislocations of the bones of the right ankle and foot. Hospitalization and surgery were required. She underwent several surgical procedures and also had to have the pins and surgical screws, which were inserted during surgery, removed. Subsequently, Ms. Garrick had to have the right ankle fused. This left a shortening of the right leg, necessitating special built-up shoes. The residual disability to her right leg was assigned at 32-35%. At various times she was in casts or braces, or on crutches. She required intense physical therapy to learn to walk again. The accident left noticeable scars and atrophy of the right leg. Plaintiff was only 19 years of age at the time of the accident and 24 years old at the time of the trial. The record supports that she suffered severe pain over a long period of time, and the orthopedist was of the opinion that she would suffer intermittent pain as long as she lives. She and her husband explained the painful and debilitating muscle spasms that she experiences in her right ankle. She has developed traumatic arthritis as a result of the accident.
In articulating our analysis of the facts of the injury and the result upon this plaintiff, we find that the award made is not excessive. See Lanclos v. Hartford Accident & Indemnity Company, 366 So.2d 621 (La.App. 3rd Cir.1978). Finding no abuse *791 of the trial court's discretion under the facts of this case, we do not resort to the jurisprudence fixing awards in "similar" cases proposed to us by the appellant herein and we cannot disturb the award. Reck v. Stevens, 373 So.2d 498 (La.1979).
The other significant issue raised on this appeal is the effect to be given to the release executed by the plaintiff in favor of the Washington Parish Sheriff's Office, its employees and insurers. The trial court concluded that the Sheriff's patrol car was parked in the wrong lane of traffic without his flashing signal lights but with his headlights on. Under the facts of this case, we determine that there were two joint tortfeasors, the Department and the Sheriff's Office. One of them, the Sheriff's Office, was released by the plaintiff. When a plaintiff releases one of two joint tortfeasors, the unreleased joint tortfeasor is effectively deprived of the right of contribution. Recognizing this rule, the Court in Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir.1964), held that the plaintiff in such a situation is entitled to recover only one-half of his damages from the unreleased tortfeasor. See Duvernay v. State, through Department of Public Safety, Division of State Police, 433 So.2d 254 (La.App. 1st Cir.1983); Sibley v. Menard, 398 So.2d 590 (La.App. 1st Cir. 1980), writ denied 400 So.2d 211 (La.1981). The judgment herein must, therefore, be amended to reduce the award by one-half.
As thus amended, and in all other respects, the judgment is affirmed; cost of this appeal in the amount of $2,392.25 is to be paid by the defendant-appellant, State of Louisiana through the Department of Transportation and Development.
AMENDED AND AFFIRMED.
NOTES
[1] Among the defendants were Washington Parish, the Parish Sheriff's Office, and the owner and lessees of the store. There were one or more interventions, reconventions and third party demands. Some parties were dismissed by summary judgment. There was one settlement prior to trial. The record does not reflect that issue was joined as to some defendants. The judgment was against the State (the sole appellant) only. Silence in a judgment as to any part of the demand or prayer made in litigation is a rejection of that part of the demand or prayer.