LeBLANC, Judge.
The issues presented in this personal injury case are the proper allocation of fault among the parties and quantum.
On the evening of September 5, 1982, plaintiff, David Stein, was driving his truck north on Louisiana Highway 1077, a two-lane rural road in St. Tammany Parish. Upon experiencing a mechanical breakdown, plaintiff steered his truck onto the highway shoulder as far as he could and parked. However, the shoulder was not wide enough for him to pull completely off the road. Although, exactly how far the truck protruded onto the highway is disputed, it was at least six to eight inches.
Shortly thereafter, Everett Randall Cooper, one of the defendants, who was a friend of plaintiff, passed in the southbound lane. Recognizing plaintiff and noting that his truck appeared to be disabled, Cooper turned around and drove back to where plaintiffs truck was parked. Because he thought plaintiffs truck might need a jump-start, he parked his own truck *508 facing south, with the front bumper of his truck several feet from the front bumper of plaintiff’s truck. Cooper was unable to pull his truck as far over on the shoulder as plaintiff had because of a traffic sign which prevented him from doing so. His truck protruded approximately a foot and a half onto the highway. In this position, one headlight was visible to traffic approaching in the northbound lane. The emergency flashers on Cooper’s truck were also on. Once Cooper arrived plaintiff, who was concerned about running his battery down, turned off all the lights on his own truck, leaving it completely unlit.
Several northbound cars passed by the two trucks without incident by moving over partially into the southbound lane to pass. Approximately five minutes later, however, a car proceeding in the northbound lane and driven by defendant, Dianne Langer, struck the rear of plaintiff’s truck. The force of the impact pushed plaintiff’s truck into the front of Cooper’s truck. Plaintiff was standing between the two trucks at the time and sustained injuries to his legs and knees.
Mrs. Langer testified that she saw the headlight of Cooper’s truck five to ten seconds before impact, but did not see plaintiff’s black truck prior to hitting it. According to her testimony, she intended to avoid Cooper’s vehicle, which appeared to be either a car or motorcycle approaching in her lane of traffic, by going around it on the right shoulder of the highway. She originally was driving approximately 35 mph, but had started to slow down upon seeing the headlight. She testified that her foot was on the brake when she struck plaintiff’s truck.
Plaintiff filed suit against Mrs. Langer, her husband, William Langer, and their insurer, Metropolitan Property and Liability Insurance Company. After the Langers and their insurer filed a third-party demand against Cooper and his insurer, Allstate Insurance Company, plaintiff filed a supplemental petition adding Cooper and Allstate as defendants on his principal demand. Following a jury trial, a verdict was rendered finding Diane Langer fifty-five percent (55%) at fault, plaintiff forty-five percent (45%) at fault and Everett Cooper guilty of no fault. The jury fixed plaintiff’s damages at $3,100.00. Thereafter, on February 13, 1985, the trial court rendered judgment against the Langers and their insurer and in favor of plaintiff for $3,100.00, subject to a forty-five (45%) percent reduction. The judgment also dismissed all claims against Cooper. The trial court denied plaintiff’s post-trial rule for additur and motions for judgment notwithstanding the verdict or, in the alternative, for a new trial. Plaintiff has now appealed the judgment of February 13, 1985, arguing that the jury erred in assessing fault and in awarding him inadequate damages.
Specifically, plaintiff maintains the jury erred in not assessing Mrs. Langer with 100 percent of the fault or, in the alternative, in not finding Cooper guilty of any fault. The standard of review on appeal is that factual findings made by the trier-of-fact are entitled to great weight and will not be overturned unless manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Since a jury’s findings as to percentages of fault are factual in nature, they will not be disturbed unless clearly wrong. Anderson v. Rabb, 484 So.2d 196, 203 (La. App. 1st Cir.), writ denied, 489 So.2d 248 (1986).
After our thorough review of the record, we find no manifest error in the assessments of fault made by the jury in this case. The fact that plaintiff, as well as Mrs. Langer, was at fault is obvious upon review of the facts. By turning off all the lights on his truck, plaintiff made it much more difficult for motorists to observe the fact that his truck was partially obstructing the highway, thereby greatly increasing the danger of the situation.
Likewise, we find no error in the jury’s conclusion that Cooper was not guilty of any fault. In order to give plaintiff’s truck a jump-start, Cooper had no choice but to park as he did. Further, Cooper pulled over as far on the shoulder as he could and had both his headlights and emergency flashers turned on. Cooper’s actions were reasonable under the circumstances present. In this regard, it is significant *509 that several northbound cars had passed without difficulty before Mrs. Langer’s car hit plaintiffs truck. For the above reasons, we affirm the assessments of fault made by the jury.[1]
Plaintiff also argues that the jury abused its discretion in awarding him only $3,100 in damages. An award of damages may be disturbed on appeal only when the record clearly reveals an abuse of the great discretion accorded the trier-of-fact in making the award. Reck v. Stevens, 373 So.2d 498 (La.1979). Upon such a finding, the appellate court can then raise (or lower) the award to the lowest (or highest) amount which is reasonably within the trier-of-facf s discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
In this case, immediately following the accident, plaintiff was taken to a hospital emergency room where he was examined and released. On September 8th, he consulted Dr. Daniel Sinclair, an orthopedic surgeon, who diagnosed his injuries as severe contusions to his knees, with blood in the joints. Dr. Sinclair felt it would be approximately six months before plaintiff would be able to work, which proved to be the case. Plaintiff was not released from Dr. Sinclair’s care until March 10, 1983.
Plaintiff testified that he was in great pain immediately following the accident and thought his legs were crushed. He was bedridden and unable to walk for three days after the accident. It was necessary for him to first use crutches for six to eight weeks, and then a cane for a while thereafter. At the time of trial on January 28, 1985, plaintiff stated that he still could not squat, play ball or hunt as he could before the accident, and that he continues to experience pain if he does too much walking.
Plaintiff was unemployed at the time of the accident, having been laid off several months earlier. However, Mr. Alfred Seeger, who had employed plaintiff on occasion in the past, testified that if plaintiff had been physically able, he would have employed plaintiff at least part-time during the fall of 1982 to do work on his farm. When plaintiff had previously worked for Seeger, he was paid $7.00 per hour. Once he recovered, plaintiff did, in fact, begin work for Seeger.
Considering the pain experienced by plaintiff, the length of time it took him to recover and his lost opportunity for employment, we find that $3,100 for plaintiffs damages was so low as to constitute an abuse of the jury’s discretion. We conclude that the lowest amount reasonably within the jury’s discretion was $5,000.00. Accordingly, the judgment of the trial court is amended to raise plaintiff’s damages from $3,100.00 to $5,000.00, subject to a forty-five (45%) percent reduction. The judgment is affirmed in all other respects. One half of the costs of appeal are to be borne by plaintiff, with the remaining half to be borne by the Langers and their insurer.
AMENDED, AND AS AMENDED, AFFIRMED.

. The situation in this case is distinguishable on its facts from that in Garrick v. Washington Parish, 440 So.2d 787 (La. App. 1st Cir.1983), writ denied, 444 So.2d 1222 (1984), which is relied upon by plaintiff in support of his argument that Cooper’s actions were negligent. In this case, Cooper took every reasonable precaution in attempting to aid plaintiff in an emergency situation. This was not true of the tort-feasor in Garrick.