596 So.2d 336 (1992)
Jena Marie GASPARD and Gary Lee Brink, Plaintiffs-Appellants,
v.
STATE of Louisiana, THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, et al., Defendants-Appellees.
No. 90-1013.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
Rehearing Denied April 8, 1992.
Writ Denied June 26, 1992.
Gahagan & Gahagan, Fred S. Gahagan, Natchitoches, for plaintiffs/appellants.
Charles W. Seaman, Natchitoches, for defendant/appellee Glenda Brink.
Bolen & Erwin, Gregory S. Erwin, Alexandria, for Luhr Bros.
*337 Stafford, Stewart & Potter, Paul Boudreaux, Jr., Alexandria, for DOTD.
Before GUIDRY, J., and CULPEPPER and MARCANTEL,[*] JJ. Pro Tem.
BERNARD N. MARCANTEL, Judge. Pro Tem.
The issue presented by this consolidated appeal is whether the State of Louisiana, Department of Transportation and Development, breached their duty to keep the roads and bridges in safe condition.
Plaintiffs, Jena Marie Gaspard (hereinafter Jena) and Gary Lee Brink (hereinafter Gary), filed a Petition for Wrongful Death Damages against the State of Louisiana, through the Department of Transportation and Development (hereinafter DOTD), Glenda Brink (hereinafter Mrs. Brink), and Luhr Brothers, Inc. (hereinafter Luhr), for damages for the death of their father, George Leonard Brink (hereinafter the deceased), on March 26, 1989. In consolidated case Number 90-1015, entitled (Glenda S.) Brink v. State of Louisiana, Through The Department of Transportation and Development, 596 So.2d 339 (La. App. 3 Cir.1992), plaintiff, Mrs. Brink, filed suit against the DOTD on February 27, 1989. DOTD and Luhr answered both petitions denying any liability.
Prior to trial, Home Indemnity reached a compromise with Jena and Gary. A partial judgment of dismissal was signed on February 22, 1990, dismissing the claim of Jena and Gary against Mrs. Brink, Luhr and Home Indemnity and the claim of DOTD against Mrs. Brink, Luhr and Home Indemnity. The only claims remaining were those of Jena, Gary and Mrs. Brink against DOTD.
A trial on the merits was held on January 16, 1990 through January 17, 1990. The trial judge found in favor of DOTD and a formal written judgment was signed on March 29, 1990. It is from this ruling that plaintiffs appeal.

FACTS
On February 4, 1989, Glenda Brink and her husband, George, left the home of some friends, Henry and Jennie Llorence, who lived in Cypress which is in Natchitoches Parish, around 7:30 P.M. to return home. On February 3, 1989, the weather service had reported that an ice storm was approaching northwest Louisiana. When Glenda and George prepared to leave for home, the Llorences asked them to stay because the weather looked so bad but they decided to go home. George had been drinking so Glenda drove the truck, which was owned by Luhr, George's employer at the time of the accident. Mrs. Brink drove down LA Highway 120 to I-49, entered I-49, a four lane interstate, and headed north towards Natchitoches.
Mrs. Brink was traveling 45-60 miles per hour when she encountered the Bayou Julian Bridge. She entered the bridge in the right hand lane and the truck began sliding to the left. Mrs. Brink then turned her wheel to the right and the truck started spinning in a clockwise direction. The truck then rolled over and down an embankment on the right hand side at the opposite end of the bridge. The truck came to a stop on its tires, facing south. Mr. Brink was killed as a result of this accident.
The deceased's children, Jena and Gary, instituted a wrongful death action against DOTD, Luhr, and Mrs. Brink. Mrs. Brink also filed suit against DOTD for the death of her husband. The two suits were consolidated for trial. At the time of trial, all parties had reached a compromise with the plaintiffs except DOTD.
A trial on the merits was held and the trial court found in favor of DOTD finding that DOTD had acted reasonably and properly under all the circumstances of the ice storm and discharged its responsibility to the traveling public to maintain the roads and bridges in a safe condition. Plaintiffs timely appeal. We affirm.

*338 LAW
Plaintiffs claim that the trial court erred in finding that DOTD did not breach its duty to keep the roads and bridges in a safe condition and in finding that Mrs. Brink was the sole and only cause of the accident.
In well written reasons for judgment, the trial judge found that DOTD had taken every action necessary to prepare for this ice storm. The court concluded that the accident was a result of Mrs. Brink's negligence in operating her vehicle at a speed which was unsafe under the circumstances where she knew or should have known that this bridge may ice in these conditions.
When there is evidence before a trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, the appellate court, on review, may not disturb this factual finding in absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). After a review of the record, we find that there was enough evidence for the trial court to conclude that DOTD acted reasonably under the circumstances.
The State owes a duty to the motoring public to maintain highways in a reasonably safe condition and remedy conditions which make a roadway unsafe. The duty of the State to maintain highways in a reasonably safe condition arises from knowledge of an unsafe condition of the highway. Before the State may be held liable for an accident caused by a hazardous or dangerous condition of a highway, it must be shown that the State had actual or constructive notice of the condition and a sufficient opportunity to remedy the situation or at least warn motorists of its presence, and failed to do so. Naylor v. Louisiana Department of Public Highways, 423 So.2d 674 (La.App. 1 Cir.1982), writ den., 427 So.2d 439 (La.1983), writ den., 429 So.2d 127 & 134 (La.1983).
La.R.S. 9:2800 sets forth when a public entity may be held for damages under La. C.C. art. 2317 as follows:
"A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge."
Therefore, in order for plaintiffs to recover damages from DOTD, it must be shown that DOTD had actual or constructive knowledge of the ice on the Bayou Julian Bridge prior to the accident, that DOTD had a reasonable opportunity to remedy the situation, and that DOTD failed to do so.
The record establishes that DOTD had no knowledge of the ice on the Bayou Julian Bridge prior to the Brinks' accident. Douglas Brossette, Highway Maintenance Superintendent with DOTD in Natchitoches Parish, testified that in order to prepare for the ice storm, DOTD mounted spreader boxes on the trucks to spread aggregate on iced bridges. The ice storm was supposed to hit at 12:00 A.M. on February 4, 1989, but it actually hit earlier, so the first crew of workers came to work at 10:00 P.M. on February 3, 1989. Carlton Bennette, Brossette's supervisor, testified that there were 222 bridges and 526.25 miles of roadway in Natchitoches Parish. Brossette testified that they usually put aggregate on the most travelled roads first. He also stated that through experience, they knew which bridges freeze up faster and those were the bridges which are serviced first. Additionally, I-49 had just opened on April 22, 1988, and this was DOTD's first experience with I-49 in this type of weather. Deputy Cloyd *339 Benjamin, Jr. with the Natchitoches Parish Sheriff's Department, the dispatcher who received complaints the night of the accident, testified that he had received no complaints of ice on the Bayou Julian Bridge.
Under plaintiffs' theory of liability, plaintiffs must show that the DOTD had actual or constructive knowledge of an unsafe condition and a sufficient opportunity to remedy this situation or at least warn motorists of its presence and failed to do so. State Farm Mutual Automobile Ins. Co. v. Slaydon, 376 So.2d 97 (La.1979); United States Fidelity & Guaranty Company v. Department of Highways, 339 So.2d 780 (La.1976). This court does not find that the trial court committed manifest error in finding plaintiffs had failed to carry their burden of proof.
Plaintiffs also claim that the trial judge erred in finding that Mrs. Brink was the sole cause of the accident. The record supports a finding that Mrs. Brink was the sole cause of the accident by failing to maintain proper control of the truck under the conditions at the time of the accident. Trooper Ryder testified that, when he arrived at the scene, Mrs. Brink told him that she was traveling too fast when she struck the ice on the bridge. The accident report was also marked for "exceeding safe speed limit" and "due to driver violation" as reason for movement. Mrs. Brink's estimated speed was listed as 60 miles per hour. Additionally, Mrs. Brink, who was from Missouri, testified that she knew bridges would often freeze in cold weather. Also, earlier that morning, while collecting scrap lumber, the Brinks were concerned about ice forming on a bridge that Luhr was working on. Additionally, a "Bridge May Ice In Cold Weather" sign was present on the bridge at the time of the accident. There were also no other accidents on this bridge.
After a review of the above evidence, we cannot say that the trial judge was manifestly erroneous in his ruling that the accident was the result of Mrs. Brink's negligence in operating her vehicle at a speed which was unsafe under these circumstances where she knew or should have known that this bridge may ice in these conditions.
For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiffs-appellants, Jena Marie Gaspard and Gary Lee Brink.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, and Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.